**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
MOLLY GARDILL, <u>et al.</u>,          )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )     Civil Action No. 11-1726 (RWR)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
          Defendant.                )
_____   )

<u>MEMORANDUM OPINION</u>

The plaintiffs, parents of twelve students who successfully brought separate administrative proceedings under the Individuals with Disabilities in Education Act and the Individuals with Disabilities in Education Improvement Act (collectively, "IDEA"), 20 U.S.C. § 1400 <u>et seq.</u>, bring this action against the District of Columbia (the "District") for attorneys' fees incurred in those proceedings. Plaintiffs move for summary judgment seeking compensation for counsel using the hourly rates reflected in the <u>Laffey</u> matrix. The District cross-moves for summary judgment contending that fees should be limited to the lower hourly rates provided in the District of Columbia Public Schools ("DCPS") fee guidelines. Magistrate Judge Alan Kay recommended in a report to which plaintiffs object that the appropriate hourly rate for the attorneys should be three-quarters of the <u>Laffey</u> rates. Because the plaintiffs have not adequately substantiated their request for the full <u>Laffey</u> hourly rates for each plaintiff with the

-2-

exception of C.G. and D.G., the magistrate judge's report and
recommendation will be adopted in part and the parties' cross-
motions for summary judgment[1] will be granted in part and denied
in part.

BACKGROUND

The administrative proceedings for which the plaintiffs seek
attorneys' fees occurred in 2009 and 2010.  Pls.' Mot. for Summ.
J. ("Pls.' Mot"), Pls.' Statement of Material Facts That Are Not
in Dispute ("Pls.' Statement") ¶¶ 7-8, 11-13, 15-19, 22-24, 25,
28-29, 31-32, 38-39, 41, 43, 49, 51.  The District does not
dispute that the plaintiffs are entitled to recover attorneys'
fees for the proceedings.  Def.'s Resp. to Pls.' Statement of
Material Facts That Are Not in Dispute ("Def.'s Resp.") ¶¶ 10,
12, 15, 17, 19, 24, 27, 30, 33, 39-40, 44, 52.  Domiento Hill
served as counsel to J.G., N.F., X.W., K.J. and B.M, Pls.'
Statement ¶ 4, Zachary Nahass served as counsel to M.A., S.R.
(with assistance from James Brown), R.W. and M.W., id. ¶ 20,

_____

[1] Although the plaintiffs seek attorneys' fees in a motion
for summary judgment, the typical summary judgment standard is
inapplicable here because
     [t]he IDEA authorizes a court to award fees "in its
     discretion" and to base the award on "rates prevailing
     in the community in which the action or proceeding
     arose for the kind and quality of services furnished."
     20 U.S.C. § 1415(i)(3)(B)-(C).  That reasonable jurors
     might disagree about the appropriate rate of
     compensation does not preclude resolution of
     plaintiffs' motion.
Parks v. District of Columbia, Civil Action No. 10-1460
(RWR), 2012 WL 4475681, at *4 (D.D.C. Sept. 28, 2012).

-3-

Miguel Hull and Roxanne Neloms served as counsel to M.O. and
C.G., id. ¶ 34; Pls.' Mot., Mem. of P. & A. Submitted in Supp. of
Pls.' Mot. for Summ. J. ("Pls.' Mem.") at 27-29, and Pamela
Halpern served as counsel to D.G. with assistance from Nahass and
Brown, Pls.' Statement ¶ 45.

Plaintiffs seek an award of attorneys' fees at the rates
prescribed in the Laffey matrix.[2]  Pls.' Mem. at 30.  During the
June 1, 2009 to May 31, 2010 time period in the Laffey matrix,
Brown had over twenty years of experience, Pls.' Mot., Ex. 37,
Verified Statement of James E. Brown ("Brown Statement") ¶¶ 9-10;
Hill, Hull and Neloms had eight to ten years of experience, Pls.'
Statement ¶¶ 5, 35; Pls.' Mot. at 27-29[3]; and Nahass and Halpern
had one to three years of experience, Pls.' Statement ¶¶ 21, 46;
Pls.' Mot., Ex. 37, Brown Statement ¶¶ 12-13.  The Laffey hourly
rate for 2009 to 2010 for attorneys with twenty years of
experience and above (Brown) is $465, for attorneys with eight to

_____

[2] The matrix derives its names from Laffey v. Northwest
Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), in which the
court considered a proposed schedule of hourly rates for
compensation of lawyers based on rates charged by D.C. federal
litigators.  The United States Attorney's Office for the District
of Columbia now maintains a Laffey matrix for attorney's fees,
based on levels of experience and the local Consumer Price Index.

[3] The plaintiffs do not provide a statement of Neloms' years
of experience.  However, the plaintiffs sought reimbursement for
her services at the Laffey rate for an attorney with eight to ten
years of experience and the defendant has not disputed the years
of experience that plaintiffs claim for Neloms.  Further, the
magistrate judge stated that "Ms. Neloms has eight to ten years
experience[,]" Report and Recommendation at 17, and neither party
objected to this statement.

-4-

ten years experience (Hill, Hull, and Neloms) is $330, and for attorneys with one to three years of experience (Nahass and Halpern) is $225.  See Pls.' Mot., Ex. 46, Laffey matrix.

The District claims that the Laffey matrix is inappropriate because it was created to provide "hourly rates for complex federal litigation in the District of Columbia."  Def.'s Opp'n at 4 n.1 (emphasis original).  The District argues that the plaintiffs failed to offer any reasonable basis for awarding attorneys' fees according to the full Laffey rates and describes the administrative proceedings underlying this litigation as "relatively simple" as compared to other IDEA cases.  Id. at 4-5. The District further argues that the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters ("DCPS Guidelines") should govern the award in this case, that the plaintiffs have already been reimbursed according to those guidelines and that the plaintiffs are not entitled to any additional attorneys' fees.  Id. at 2, 10.

Magistrate Judge Kay found that the full Laffey rates should not be applied because the hearings here were not "more complicated than most IDEA hearings[,]" rejected the District's proposal to use the DCPS Guidelines, and followed Rooths v. District of Columbia, 802 F. Supp. 2d 56, 63 (D.D.C. 2011) in recommending "rates equal to three-quarters of the Laffey rates." Report and Recommendation at 15-17.  The plaintiffs object to Magistrate Judge Kay's decision arguing that the Laffey matrix

has been established as the reasonable market value for attorneys' fees in IDEA litigation and that IDEA litigation is sufficiently complex to justify awarding attorneys' fees at the Laffey rates.[4]  Pls.' P. & A. in Supp. of Their Objections to the Magistrate Judge's July 13, 2012 Report and Recommendation ("Pls.' Objections") at 2-5.  The District responds that the plaintiffs failed to provide facts which showed a complexity of the IDEA cases underlying this litigation that could justify the full Laffey rates.  Def.'s Resp. to Pls.' Objections to the Magistrate Judge's July 13, 2012 Report and Recommendation at 2-3.  The District supports adopting the report and recommendation. Id. at 3.  The underlying IDEA proceedings and DCPS's fee payments to date for each plaintiff are summarized below.

I.   MOLLY GARDILL AND J.G.

     Plaintiffs Molly Gardill and student J.G. filed a due process complaint on September 30, 2009 claiming that DCPS had denied the student a free and appropriate public education ("FAPE").  They prevailed in an administrative hearing held on

---

     [4] Magistrate Judge Kay carefully identified discrepancies between the plaintiffs' statement of material facts and the billing statements reflecting the number of hours which the attorneys worked on the J.G., N.F., B.M., M.A., S.R., R.W., M.W., and D.G. cases.  See Report and Recommendation at 3 nn.3 & 5, 5 n.6, 6 n.7, 7 n.8, 8 nn.9-10, 11 n.11.  With each discrepancy, the magistrate judge used the number of hours worked by the attorneys that neither party disputed.  Because neither party objected to the magistrate judge's determinations of these hours, the hours that were determined by the magistrate judge will be accepted.

-6-

December 4, 2009, December 17, 2009, and January 5, 2010.  Pls.'
Mot., Ex. 2, Hearing Officer Determination at 1-4, 11-13.  The
hearing record included thirty-nine exhibits from the plaintiffs,
two exhibits from DCPS and the testimony of three witnesses.  Id.
at 3 & n.4, 4.  The plaintiffs submitted to DCPS a petition for
attorneys' fees and costs in the amount of $4,016.10.  Pls.'
Statement ¶ 56.  DCPS paid $2,738.25.  Id.

II.   QUENITRA FENWICK AND N.F.

Plaintiffs Quenitra Fenwick and student N.F. filed a due
process complaint on December 18, 2009.  Pls.' Mot., Ex. 5, Order
at 1.  Instead of having a due process hearing, though, the
parties agreed on January 19, 2010 to have an individualized
education program meeting to review evaluations conducted on
November 30, 2009.  Id. at 1-2.  The plaintiffs submitted to DCPS
a petition for attorneys' fees and costs in the amount of
$8,774.70.  Pls.' Statement ¶ 59.  DCPS paid $5,982.75.  Id.

III. GERALDINE PROCTOR AND X.W.

Plaintiffs Geraldine Proctor and student X.W. filed a due
process complaint on November 12, 2009 claiming that DCPS had
denied the student a FAPE.  They prevailed in an administrative
hearing held on January 13, 2010.  Pls.' Mot, Ex. 8, Hearing
Officer's Decision at 2, 6.  The hearing record included nineteen
exhibits from the plaintiffs, eight exhibits from DCPS and the
testimony of two witnesses.  Id. at 2.  The plaintiffs submitted

to DCPS a petition for attorney's fees and costs in the amount of
$10,612.80.  Pls.' Statement ¶ 62.  DCPS paid $7,236.00.  Id.

IV.  LAYTERSA JONES AND K.J.

Plaintiffs Laytersa Jones and student K.J. filed a due
process complaint on November 23, 2009 claiming that DCPS had
denied the student a FAPE.  They prevailed in an administrative
hearing held on January 22, 2010.  Pls.' Mot, Ex. 11, Hearing
Officer Decision at 2-3, 15.  The hearing record included sixteen
exhibits from the plaintiffs, seven exhibits from the District
and the testimony of four witnesses.  Id. at 3.  The plaintiffs
submitted to DCPS a petition for attorneys' fees and costs in the
amount of $17,160.00.  Pls.' Statement ¶ 65.  DCPS paid
$11,700.00.  Id.

V.  RHONDA MOORE AND B.M.

Plaintiffs Rhonda Moore and student B.M. filed a due process
complaint on November 24, 2009 claiming that DCPS had denied the
student a FAPE.  They prevailed in an administrative hearing held
on January 28, 2010.  Pls.' Mot, Ex. 14, Hearing Officer's
Determination at 1-2, 9.  The hearing record included sixteen
exhibits from the plaintiffs, eight exhibits from the District
and the testimony of at least two[5] witnesses.  Id. at 2.  The
plaintiffs submitted to DCPS a petition for attorneys' fees and

---

[5] It is unclear from the record exactly how many witnesses
testified at the January 28, 2010 hearing.  The Hearing Officer
specifically referred to only two witnesses' testimony.  See
Pls.' Mot, Ex. 14, Hearing Officer's Determination at 4-5.

-8-

costs in the amount of $12,813.90.  Pls.' Statement ¶ 68.  DCPS

paid $8,736.75.  Id.

VI.  TIESHA CARY AND M.A.

Plaintiffs Tiesha Cary and student M.A. filed a due process

complaint on October 26, 2009, filed an amended due process

complaint in December 2009[6], and moved for summary judgment on

January 6, 2010.  Pls.' Mot, Ex. 17, Order at 2.  The Hearing

Officer granted the plaintiffs' motion for summary judgment.  Id.

at 6.  The plaintiffs submitted to DCPS a petition for attorneys'

fees and costs in the amount of $12,867.75.  Pls.' Statement

¶ 72.  DCPS paid $7,720.65.  Id.

VII. JANICE ROBERTS AND S.R.

Plaintiffs Janice Roberts and student S.R. filed a due

process complaint on November 13, 2009 claiming that DCPS had

denied the student a FAPE.  They prevailed in an administrative

hearing held on January 5, 2010.  Pls.' Mot, Ex. 20, Hearing

Officer's Determination at 2, 9-10.  The hearing record included

twelve exhibits from the plaintiffs and twenty-three exhibits

from the District.  Id. at 2.  The plaintiffs submitted to DCPS a

petition for attorneys' fees and costs in the amount of

$10,089.00 for the services of Nahass and $348.75 for the

_____

[6] Although the text of the order states that the amended
complaint was filed on December 16, 2009, the caption of the
order states that the amended complaint was filed December 26,
2009.  See Pls.' Mot, Ex. 17, Order at 1-2.

-9-

services of Brown.  Pls.' Statement ¶ 76.  DCPS paid $6,053.40

for Nahass and $225.00 for Brown.  <u>Id.</u>

VIII. JEAN MOSES AND R.W.

        Plaintiffs Jean Moses and student R.W. filed a due process

complaint on November 13, 2009 claiming that DCPS had denied the

student a FAPE.  They prevailed in an administrative hearing held

on December 16, 2009 and January 7, 2010.  Pls.' Mot, Ex. 23,

Hearing Officer's Determination at 4, 12-13.  The hearing record

included fourteen exhibits from the plaintiffs, six exhibits from

the District and the testimony of four witnesses.  <u>Id.</u> at 5.  The

plaintiffs submitted to DCPS a petition for attorneys' fees and

costs in the amount of $2,211.75.  Pls.' Statement ¶ 79.  DCPS

paid $1,327.05.  <u>Id.</u>

IX.  LOLETTA RHYNE AND M.W.

        Plaintiffs Loletta Rhyne and student M.W. filed a due

process complaint on November 24, 2009 claiming that DCPS had

denied the student a FAPE.  They prevailed in an administrative

hearing held on January 28, 2010.  Pls.' Mot, Ex. 26, Hearing

Officer's Decision at 2, 8-12.  The hearing record included

eighteen exhibits from the plaintiffs, four exhibits from the

District and the testimony of five witnesses.  <u>Id.</u> at 2.  The

plaintiffs submitted to DCPS a petition for attorneys' fees and

costs in the amount of $994.50.  Pls.' Statement ¶ 82.  DCPS paid

$596.70.  <u>Id.</u>

-10-

X.   ANDREA MATHIS AND M.O.

Plaintiffs Andrea Mathis and student M.O. filed a due process complaint against the District on August 11, 2009 alleging that DCPS had denied the student a FAPE suitable to the student's special education needs.  Pls.' Mot., Ex. 29, Closing Order at 2.  Before the hearing, the plaintiffs reached a settlement of their IDEA claim against the District.  Id.  The plaintiffs submitted a petition for attorneys' fees and costs in the amount of $8,318.70 for Hull and $768.90 for Neloms to DCPS. Pls.' Statement ¶ 86.  DCPS paid $4,799.25 for Hull and $524.25 for Neloms.  Id.

XI.  CLARA JARQUIN AND C.G.

Plaintiffs Clara Jarquin and student C.G. filed a due process complaint on October 15, 2009 claiming that DCPS had denied the student a FAPE.  They prevailed in an administrative hearing held on January 20 and 21, 2010.  Pls.' Mot, Ex. 32, Hearing Officer's Determination at 4, 22-23.  The hearing record included fifty exhibits from the plaintiffs, twenty-eight exhibits from the District and the testimony of eight witnesses. Id. at 5.  The plaintiffs submitted to DCPS a petition for attorneys' fees and costs in the amount of $30,911.40 for Hull and $1,237.50 for Neloms.  Pls.' Statement ¶ 89.  DCPS paid $17,833.50 for Hull and $843.75 for Neloms.  Id.

XII. ROSIENIA GARMANY AND D.G.

Plaintiffs Rosienia Garmany and student D.G. filed a due process complaint on November 24, 2009 claiming that DCPS had denied the student a FAPE.  They prevailed in an administrative hearing held on January 8 and 15, 2010.  Pls.' Mot, Ex. 35, Hearing Officer Determination at 2-3, 20-21.  The hearing record included sixty-six exhibits from the plaintiffs, twenty exhibits from the District and the testimony of seven witnesses.  Id. at 3-4.  The plaintiffs submitted to DCPS a petition for attorneys' fees and costs in the amount of $28,055.25 for Halpern, $1,548.45 for Brown and $1,012.50 for Nahass.  Pls.' Statement ¶ 93.  DCPS paid $16,833.15 for Halpern, $999.00 for Brown and $607.50 for Nahass.  Id.

## DISCUSSION

Parties may file objections to a magistrate judge's report and recommendation and the district judge must "make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made[.]"  LCvR 72.3(b)-(c).  Here, the plaintiffs have objected to Magistrate Judge Kay's recommended measure of attorneys' fees in this IDEA dispute.  This objection requires a *de novo* review of whether three-quarters of the Laffey rate is an appropriate measure of attorneys' fees in the underlying IDEA cases.

Section 1415(i)(3)(B)(i) of the IDEA statute authorizes federal district courts to exercise discretion to award

"reasonable attorneys' fees as part of the costs -- to a

prevailing party who is the parent of a child with a

disability[.]"  20 U.S.C. § 1415(i)(3)(B)(i).  Here, the District

does not dispute that the plaintiffs are entitled to attorneys'

fees under the statute.  Under the IDEA, "a 'reasonable'

attorneys' fee is based on the reasonable number of hours

expended multiplied by a reasonable hourly rate."  Bucher v.

District of Columbia, 777 F. Supp. 2d 69, 73 (D.D.C. 2011); see

also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most

useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate.").  The plaintiffs bear

the burden of establishing the reasonableness of both the hourly

rate and the amount of time spent on particular tasks.  Rapu v.

D.C. Pub. Sch., 793 F. Supp. 2d 419, 423 (D.D.C. 2011) (citing In

re North, 59 F.3d 184, 189 (D.C. Cir. 1995)).

     "Determining an appropriate hourly rate requires evidence of

an attorney's billing practices, skill, experience, and

reputation, along with evidence of the hourly rates prevailing in

the attorney's community."  Parks v. District of Columbia, Civil

Action No. 10-1460 (RWR), 2012 WL 4475681, at *4 (D.D.C.

Sept. 28, 2012) (citing Jackson v. District of Columbia, 696 F.

Supp. 2d 97, 101 (D.D.C. 2010)).  "In addition, detailed invoices

that show how much time was spent on specific tasks suffice to

-13-

enable courts to independently determine the reasonableness of
hours claimed." Id.

"Courts in this district routinely refer to the Laffey
Matrix to determine the reasonableness of requested attorney's
fees in IDEA actions." B.R. ex rel. Rempson v. District of
Columbia, 802 F. Supp. 2d 153, 164 (D.D.C. 2011).  Some courts
find that the Laffey rate is presumptively reasonable.  See,
e.g., Rempson, 802 F. Supp. 2d at 163 (stating that "attorney's
fees in IDEA actions in the District of Columbia are reasonable
if they conform to the Laffey Matrix created by the United States
Attorneys' Office"); Rapu, 793 F. Supp. 2d at 424 (stating that
"the Court will use the Laffey Matrix as the benchmark for
prevailing market rates in this [IDEA] case").  Other courts
treat the Laffey matrix as providing "the *highest* rates that will
be presumed to be reasonable when a court reviews a petition for
statutory attorneys' fees." Rooths, 802 F. Supp. 2d at 61
(emphasis added).  These courts impose lower rates where "the
defendant shows that the proceedings for which compensation is
sought were straightforward or otherwise not demanding of
counsel's skills and experience." Parks, 2012 WL 4475681, at *5
(citing Rooths, 802 F. Supp. 2d at 61); see also Agapito v.
District of Columbia, 525 F. Supp. 2d 150, 152 (D.D.C. 2007)
(finding that the IDEA case before it was not complicated because
"[t]here were no pre-hearing interrogatories or discovery, no
production of documents or depositions, no psychiatrists or

-14-

psychologists testifying about learning disabilities, no
briefings of intricate statutory or constitutional issues, no
pre-trial briefings, no lengthy hearings, no protracted
arguments, and few, if any, motions filed").[7]

Courts may look to the complexity of the case and use
discretion to determine what rates are warranted.  See, e.g.,
Sykes v. District of Columbia, 870 F. Supp. 2d 86, 95 (D.D.C.
2012); Fisher v. Friendship Pub. Charter Sch., 880 F. Supp. 2d
149, 154 (D.D.C. 2012).  Complexity can require both a
quantitative and qualitative assessment.  "[D]ecisions from this
Circuit have identified a number of indicia of complexity, such
as (1) the length of the administrative hearing; (2) the number
of documents and witnesses presented at the administrative
hearing; (3) the amount of discovery required; (4) the presence
of novel legal issues; (5) the quantity of briefing required; and
(6) the use of expert testimony."  Thomas v. District of

---

[7] Some courts identify a reasonable fee without any reference
to the matrix.  See, e.g., A.C. ex rel. Clark v. District of
Columbia, 674 F. Supp. 2d 149, 155-56 (D.D.C. 2009) (finding the
"Matrix . . . inapplicable because it is intended to apply to
complex federal litigation and almost all of the attorney's fees
in question are the result of counsel's preparation for
attendance at routine administrative hearings" and instead
"rely[ing] on the typical range of hourly rates charged by
attorneys who handle IDEA cases in this jurisdiction, the range
of judicially determined hourly rates in cases involving
Plaintiffs' counsel and the nature of the work performed in order
to determine a reasonable hourly rate").  However, these courts
still look to other "cases involving plaintiffs' counsel," id.,
and other "judicially determined rates," id., which themselves
often refer to the Laffey matrix.  Thus, the matrix is widely
used as a touchstone for determining reasonable rates.

-15-

Columbia, Civil Action 10-913 (BAH), 2012 WL 6561505, at *10
(D.D.C. Dec. 17, 2012).

Here, the plaintiffs request the full Laffey hourly rates of
compensation for the attorneys' work in the underlying IDEA
cases.  Based on the attorneys' experience, the Laffey matrix
would set these rates as $465 per hour for Brown, $330 per hour
for Hill, Hull, and Neloms, and $225 per hour for Nahass and
Halpern.  See Pls.' Mot., Ex. 46, Laffey matrix.  The plaintiffs'
objections claim that the magistrate judge "ignore[d] . . .
substantial case law" which supports the use of Laffey rates in
IDEA litigation and that "IDEA litigation is sufficiently complex
to justify awarding attorneys' fees at *Laffey* Matrix rates."
Pls.' Objections at 2.  However, Magistrate Judge Kay did not
decide that the full Laffey rates could never apply to IDEA
litigation; the Report and Recommendation found only that the
IDEA matters in this case did not justify the full Laffey rates
because they were not sufficiently complex, they presented no
novel legal issues, and they involved routine numbers of exhibits
and witnesses.  See Report and Recommendation at 15-16.  In fact,
"IDEA proceedings are highly fact-intensive and often intricate
and may in appropriate circumstances warrant fees equal to or
near the Laffey rate."  Parks, 2012 WL 4475681, at *6.  But some
IDEA hearings which do not pose novel issues or other
complexities and include a standard number of exhibits and

witnesses may not justify the full Laffey rates.  See McClam v. District of Columbia, 808 F. Supp. 2d 184, 190 (D.D.C. 2011).

Plaintiffs have not carried their burden of showing their entitlement to full Laffey rates for most of the cases.  With the exception of the matters involving C.G. and D.G., the plaintiffs have not demonstrated that the proceedings and settlement talks here were of any more than only modest difficulty.  These proceedings were limited in length and the plaintiffs have neither argued nor provided evidence that the underlying IDEA litigation presented any novel legal issues or difficult complexities.  For these straightforward and uncomplicated IDEA proceedings, awarding attorneys' fees based on three-quarters of the Laffey rate for each attorney is reasonable.  However, the plaintiffs have shown that the C.G. and D.G. cases were sufficiently complex to justify full Laffey rates.  Each of these cases included representation by at least two attorneys, administrative hearings which stretched over two days and involved over 75 admitted exhibits and the testimony of at least seven witnesses.  Compare Young v. District of Columbia, Civil Action No. 11-1041 (ABJ), 2012 WL 4466474, at *5 (D.D.C. Sept. 28, 2012) (awarding full Laffey rates because the IDEA case involved forty-eight exhibits, two prehearing conferences, a partial motion for summary judgment, and a six-hour administrative hearing where a total of six witnesses testified, including one expert witness), and Thomas, 2012 WL 6561505, at

*10-11 (awarding full <u>Laffey</u> rates for a two-hour administrative hearing that included two witnesses, including one expert witness, and eighteen exhibits, but where the resulting federal litigation required four motions and addressed an issue of first impression in the Circuit), <u>with</u> <u>McNeil v. Options Pub. Charter Sch.</u>, Civil Action No. 12-0529 (EGS/DAR), 2013 WL 791199 at *8 (D.D.C. Mar. 1, 2013) (awarding three-quarters of the <u>Laffey</u> rates where the two-day administrative hearing included twenty-seven exhibits and the testimony of six witnesses), <u>and</u> <u>McClam</u>, 808 F. Supp. 2d at 190 (awarding reduced rates because the case was not sufficiently complex where a three-day administrative hearing included 41 admitted exhibits and eleven witnesses).  The C.G. case required the plaintiff's attorneys to address a difficult legal issue on how broadly to interpret a student's educational progress in analyzing the impact of a student's disability on their educational performance under the IDEA.  <u>See</u> Pls.' Mot., Ex. 32, Hearing Officer's Determination at 18-22. Moreover, the D.G. case involved "a protracted and cumbersome process" of admission of disclosures into evidence, a seven-day continuance of the due process hearing to review an independent psychological evaluation, the plaintiff's submission of an expert witness, and four separate grounds on which the plaintiff argued that DCPS failed to provide the student with a FAPE as well as a claim for compensatory education.  <u>See</u> Pls.' Mot., Ex. 35, Hearing Officer Determination at 3-4, 13-21.  Both the C.G. and

-18-

D.G. cases bear sufficient quantitative and qualitative indicia
of complexity for the award of full Laffey rates.  Accordingly,
the appropriate rates for attorneys' fees in the J.G., N.F.,
X.W., K.J., B.M., M.A., S.R., R.W., M.W., and M.O. cases will be
$348.75 per hour for Brown, $247.50 per hour for Hill, Hull and
Neloms, and $168.75 per hour for Nahass.  Further, the
appropriate rates for attorneys' fees in the C.G. and D.G. cases
will be $465.00 per hour for Brown, $330.00 per hour for Hull and
Neloms, and $225.00 per hour for Halpern and Nahass.

### CONCLUSION

     With the exception of the C.G. and D.G. cases, the
plaintiffs have not demonstrated their entitlement to attorneys'
fees paid at the full Laffey hourly rates.  Instead, payment at
three-quarters of the Laffey rates is appropriate under the
circumstances of these IDEA cases.  With regard to C.G. and D.G.,
the full Laffey rates are appropriate in light of the complexity
of the IDEA litigation.  Therefore, the magistrate judge's report
and recommendation will be adopted in part and the plaintiffs'
and defendant's cross-motions for summary judgment will be
granted in part and denied in part.  An appropriate Order
accompanies this memorandum opinion.

     SIGNED this 13th day of March, 2013.


                         _____/s/_____
                         RICHARD W. ROBERTS
                         United States District Judge